UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD PEA (#457171)                                    CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN, ET AL.                            NO. 12-0779-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 17, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DONALD PEA (#457171)                                        CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN, ET AL.                                NO. 12-0779-SDD-RLB


MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment of defendants Burl Cain, Joe Lamartiniere, Darrel Vannoy, Troy Poret, Antonio Whittaker and Geoffery Crosby, rec.doc.no. 9.  This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Ass't Warden Joe Lamartiniere, Ass't Warden Darrel Vannoy, Ass't Warden Troy Poret, Lt. Greg Templeton, Sgt. R. Frye, Major Whittaker, Capt. Feisel (or Feasel) and Sgt. Geoffery Crosby (identified as Geoffery "Crasby" in the plaintiff's Complaint), complaining that his constitutional rights were violated on September 11, 2011, when defendants Templeton and Frye subjected him to excessive force while defendant Crosby stood by and failed to intervene.  In addition, the plaintiff complains that defendants Cain, Poret and Whittaker failed to take remedial action after being informed of the alleged wrongdoing of the other defendant officers through the filing of the plaintiff's administrative grievance.[1]

---

[1]  Attempts by the United States Marshal's Office to serve defendants Sgt. R. Frye and Capt. Feisel (or Feasel) have proven unsuccessful because the Louisiana Department of Public Safety and Corrections has refused to accept service on behalf of these defendants, specifically

The moving defendants seek summary judgment herein, relying upon the pleadings, a Statement of Undisputed Facts, certified copies of the plaintiff's administrative remedy proceedings, and the affidavit of Rhonda Z. Weldon.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. Celotex Corporation v. Catrett, supra, at 323, 106 S.Ct. at 2553. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. Anderson v. Liberty Lobby, Inc., supra, at 248, 106 S.Ct. at 2510. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden

---

because these defendants are "no longer employed" by the Department. See rec.doc.no. 8. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims asserted against defendants Frye and Feisel (or Feasel) be dismissed, without prejudice.

of proof at trial.  Celotex Celotex Corporation v. Catrett, supra, at 323, 106 S.Ct. at 2553. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. Little v. Liquid Air Corp., supra, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263 (5th Cir. 1994), cert. denied, 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992).

The plaintiff alleges in his Complaint that on the morning of September 11, 2011, he became involved in a confrontation with defendants Templeton and Frye, during which these defendants subjected him to irritant spray notwithstanding that he was in full restraints and provided no provocation or justification for this use of force.  The plaintiff further complains that defendant Geoffrey Crosby observed the referenced use of force by defendants Templeton and Frye but stood by and failed to intervene to protect the plaintiff from the defendants' actions. The plaintiff further asserts that this conduct was undertaken in retaliation for the plaintiff having previously committed a rule infraction, that the use of irritant spray was inappropriate inasmuch as he suffers with asthma, and that the effects of the irritant spray were worsened because he was made to shower in hot water after the incident.  Finally, the plaintiff complains that defendants Cain , Poret and Whittaker were placed on notice of the alleged wrongdoing of the aforementioned defendant officers yet failed to take corrective action to address such wrongdoing.

In response to the plaintiff's allegations, the moving defendants assert that the plaintiff has failed to exhaust administrative remedies, as mandated by to 42 U.S.C. § 1997e, relative to

the plaintiff's claims asserted against them.  Pursuant to this statute, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[2]  This provision is mandatory and applies broadly to "all inmate suits about prison life".  Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002).  Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions.  Johnson v. Johnson, 385 F.3d 503, 517 (5th Cir. 2004).  Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.  Woodford v. Ngo, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006).  One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'"  Johnson v. Johnson, supra, at 516, quoting Porter v. Nussle, supra, 534 U.S. at 525, 122 S.Ct. at 988.

Upon a review of the administrative grievance which the plaintiff filed relative to the claims asserted in this proceeding, it appears that the defendants' motion is well-taken.  Specifically, a review of the referenced grievance reflects that the plaintiff complained therein only of the alleged wrongdoing of defendant Greg Templeton in subjecting the asthma-prone plaintiff to excessive force on September 11, 2011.  There was no mention whatever in the referenced grievance of the participation of any other security officers in the events alleged.  Specifically, the plaintiff did not mention either defendant Frye or Crosby in the grievance – who

---

[2] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

purportedly failed to intervene to protect the plaintiff – much less defendants Cain, Poret or Whittaker – who purportedly failed to take remedial action thereafter.  See Johnson v. Johnson, supra, at 517 (recognizing that, as a practical matter, a grievance should identify the individuals who are connected with a problem so as to "provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit").  See also Curry v. Scott, 249 F.3d 493, 505 (5th Cir. 2001) (finding that a grievance complaining of a beating by one security officer did not suffice to exhaust administrative remedies relative to a failure-to-protect claim asserted against another officer who was not mentioned in the grievance).  Moreover, other than the claim of excessive force asserted in the referenced grievance, the plaintiff made no reference therein to any of the other claims asserted in his Complaint, including but not limited to claims of retaliation, of allegedly forcing him to shower in hot water, of allegedly failing to train and/or supervise correctional officers, or of allegedly failing to investigate or respond to the plaintiff's administrative grievance.  Accordingly, the Court concludes that all claims asserted by the plaintiff in this proceeding, with the exception of the plaintiff's claim of excessive force asserted against defendant Greg Templeton, are subject to dismissal for failure of the plaintiff to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

RECOMMENDATION

It is recommended that the plaintiff's claims asserted against defendants Sgt. R. Frye and Capt. Feisel (or Feasel) be dismissed for failure of the plaintiff to serve these defendants within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure.  It is further recommended that the Motion for Summary Judgment of defendants Burl Cain, Joe Lamartiniere, Darrel Vannoy, Troy Poret, Antonio Whittaker and Geoffery Crosby, rec.doc.no.

9, be granted, dismissing the plaintiff's claims asserted against these defendants, without prejudice, for failure of the plaintiff to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e, but with prejudice to re-assertion of the same claim or claims against these defendants in forma pauperis.[3]  It is further recommended that this matter be referred back to the Magistrate Judge for further proceedings in connection with the plaintiff's claim of excessive force asserted against defendant Greg Templeton.

Signed in Baton Rouge, Louisiana, on June 17, 2013.

　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE

---

[3] See Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998).