# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD PEA (#457171) | CIVIL ACTION |
| VERSUS | |
| N. BURL CAIN, WARDEN, ET AL. | NO. 12-0779-JWD-RLB |

## **O R D E R**

This matter comes before the Court on the plaintiff's Motion for Issuance of TRO/Preliminary Injunction and to Compel Access to Legal Records to Prepare Pre-Trial Order (R. Doc. 36).

A video pre-trial conference was held before Magistrate Judge Richard L. Bourgeois in the above-captioned proceeding on September 30, 2014. *See* R. Doc. 35. The plaintiff, however, did not submit his pre-trial submissions prior to the date of the conference as ordered by the Court and did not provide any notice to the Court in advance of the conference that he was unable to do so. Notwithstanding, the Magistrate Judge re-scheduled the pre-trial conference for November 18, 2014, and granted an extension of time requested by the plaintiff to file his pre-trial submissions. The Court's Order instructed the plaintiff to "file his pre-trial order, INCLUDING COPIES OF ALL EXHIBITS, ... by October 21, 2014." The Court granted the referenced extension based upon assertions made by the plaintiff during the video pre-trial conference that, whereas he had been deprived of his legal materials for a period of time, he was able to comply with the Court's directive because these materials had recently been returned to him. In the instant Motion, however, in contrast to the foregoing representations, the plaintiff now asserts to the Court that he does not have his legal materials and that "prison officials have refused Plaintiff any access to his ... legal records

for the last several months," resulting in his inability to prepare his pre-trial submissions. Accordingly, he prays for injunctive relief in the form of an Order compelling prison officials to provide him with the referenced materials.

In order to obtain injunctive relief, the plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* at 196.

Considering the plaintiff's failure to comply with the Court's initial Order scheduling a video pre-trial conference herein, considering his failure to provide advance notice to the Court of such inability, and considering his representation to the Court at the video pre-trial conference of September 30, 2014, that he was then in possession of his legal materials and could timely comply with the Court's directives regarding the designation of witnesses and exhibits, the Court concludes that the plaintiff has not shown that the "extraordinary remedy" of injunctive relief is warranted in this case. Accordingly, the plaintiff's Motion shall be denied. Notwithstanding, the Court will direct the defendant's attorney to contact the Legal Programs Department at the Louisiana State Penitentiary and request that arrangements be made for the plaintiff to have access to his legal materials so that he may prepare his pre-trial submissions in this case as ordered by the Court. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Issuance of TRO/Preliminary Injunction

and to Compel Access to Legal Records to Prepare Pre-Trial Order (R. Doc. 36) be and it is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's attorney is hereby directed to contact the Legal Programs Department at the Louisiana State Penitentiary and request that arrangements be made for the plaintiff to have access to his legal materials so that he may prepare his pre-trial submissions in this case,

**IT IS FURTHER ORDERED** that the plaintiff is hereby granted until November 11, 2014, to comply with the Court's Order of September 30, 2014, by submitting an itemized list of his proposed trial exhibits, together with copies thereof, to the Court for filing, and by providing a copy of same to the defendant's attorney on or before that date.

Baton Rouge, Louisiana, this 22 day of October, 2014.

JOHN W. DeGRAVELLES
UNITED STATES DISTRICT JUDGE