# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DONALD PEA (#457171)**

**VERSUS**

**BURL CAIN, et al.**

**CIVIL ACTION**

**NO. 12-779-JWD-RLB**

## ORDER

This matter comes before the Court on the plaintiff's Motion for Issuance of Temporary Restraining Order against Defendant Greg Templeton at Camp-C. (Doc. 53).

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Deputy Warden Darry Vannoy, Assistant Warden Joe Lamartiniere, Assistant Warden Troy Poret, Sergeant Geoffery Crosby, Lieutenant Greg Templeton, Sergeant Frye, Major Whitaker, and Captain Feasei, complaining that his constitutional rights have been violated by the failure to protect him from excessive force by untrained and unsupervised officials in violation of the 8th Amendment. (Doc. 1). Pursuant to a prior Ruling in this case (Doc. 21), all of the plaintiff's claims have been dismissed except his claim asserted against defendant Greg Templeton, in the defendant's individual capacity, for excessive force.

In the instant motion, Plaintiff now provides a litany of complaints that are largely unrelated to the claim and defendant remaining before the Court, including but not limited to complaints regarding an alleged incident of excessive force against Plaintiff by two prison officials who were not and have not been named in this lawsuit, the alleged refusal to allow Plaintiff access to his legal records to gain an unfair advantage at trial, and other nonspecific allegations of threats made against Plaintiff in retaliation for filing the current action. (Doc. 53, p. 1). The plaintiff asserts, for the most part, that these incidents have been undertaken by

1

persons who were not named as defendants in the original Complaint in this case. (*Id.*). The plaintiff prays for an Order compelling prison officials "to stop sending threat [sic] to the plaintiff." (Doc. 53, p. 2).

In order to obtain injunctive relief, the plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* at 196.

On the record before the Court, it does not appear that the plaintiff is entitled to the relief requested. His allegations are conclusory, and his complaints, for the most part, are essentially unrelated to the claim and to the defendant remaining before the Court in this case. Additionally, Plaintiff has failed to attach a declaration or affidavit to support the claims made in his motion. Having failed to establish the essential components of a claim for injunctive relief, the plaintiff has failed to show that such relief is warranted in this case.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Issuance of Temporary Restraining Order against Defendant Greg Templeton at Camp-C (Doc. 53) be and it is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on July 13, 2015.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**